**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| IMPROVED SEARCH LLC,<br><br>       Plaintiff,<br><br>   v.<br><br>AOL INC.<br><br>       Defendant. | CIVIL ACTION NO. _____<br><br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

### STATEMENT OF JURISDICTION

1.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a).

### NATURE OF THE ACTION

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271, *et seq.*, to obtain damages resulting from Defendant's unauthorized manufacture, use, offer to sell, sale, and/or import of products, and Defendant's unauthorized and infringing performance of methods, processes, services, and/or systems that infringe one or more claims of United States Patent Nos. 6,604,101 (the "'101 Patent") and 7,516,154 (the "'154 Patent") (collectively the "Asserted Patents") (attached as Exhibits A and B, respectively).

3.     Defendant's infringing products and services are adapted for use to perform cross-language translation of query and search information as well as retrieval of multilingual information over a computer network, including but not limited to Defendant's AOL Search

1

product ("Accused Products and Services").

## THE PARTIES

4. Plaintiff Improved Search LLC ("Improved Search") is a Florida limited liability company with its principal place of business in Fort Lauderdale, FL.

5. Plaintiff Improved Search is the assignee of all substantial rights, title, and interest in and to the Asserted Patents.

6. Defendant AOL Inc. ("AOL") is a Delaware corporation with its headquarters located at 770 Broadway, New York, NY 10003. Defendant AOL's registered agent is located at 2711 Centerville Rd, Suite 400, Wilmington, DE 19808.

7. Defendant AOL describes itself as a media technology company with a mission to simplify the Internet for consumers. AOL's products and services include AOL Search, an Internet search platform through which consumers may enter queries with which to search a set of multilingual Websites.

8. Defendant AOL infringes the Asserted Patents, and Plaintiff has been and will continue to be harmed by Defendant's infringement of the Asserted Patents. Moreover, Defendant's unauthorized and infringing manufacture, use, offer to sell, sale, and/or import of Plaintiff's patented inventions, as well as Defendant's unauthorized and infringing performance of methods, processes, and/or services, have threatened the value of this intellectual property because Defendant's conduct results in Plaintiff's loss of its lawful patent rights to exclude others from making, using, offering to sell, selling, and/or importing the patented inventions, and/or the right to exclude others from performing the patented methods.

9. Defendant's disregard for Plaintiff's property rights threatens Plaintiff's relationships with potential licensees of Plaintiff's patents, including the Asserted Patents.

Defendant will derive a competitive advantage over any of Plaintiff's future licensees by infringing Plaintiff's patented technology.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this patent infringement action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

11. Defendant AOL is subject to personal jurisdiction in the State of Delaware because it is a Delaware corporation that regularly transacts business in this judicial district by, among other things, offering its products and services to customers, business affiliates, and partners located in this judicial district. Additionally, Defendant has committed acts of direct infringement of one or more of the claims of the Asserted Patents in this judicial district.

12. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), 1391(c), and 1400(b) because Defendant is subject to personal jurisdiction in Delaware and, accordingly, is deemed to reside in this judicial district.

## THE PATENTS-IN-SUIT

13. United States Patent No. 6,604,101 is entitled "Method and System for Translingual Translation of Query and Search and Retrieval of Multilingual Information on a Computer Network" and relates, *inter alia*, to methods of and systems for translating queries from a source language to a target language, and searching and retrieving Web documents in the target language. Essential to the operation of the claimed methods and systems is the use of a Web search engine. This includes, for example, receiving a query in a first language through an input device, processing the query and extracting at least one content word from the query, performing dialectal standardization of the at least one content word, translating the at least one content word into a target second language through a translator, performing a contextual search

in the target language based on the at least one translated content word, using a search engine in the target language, and obtaining search results in the target language in the form of site names or Uniform Resource Locators ("URLs") and documents that satisfy the search criteria.

14.   United States Patent No. 7,516,154 is entitled "Cross Language Advertising" and relates, *inter alia*, to methods of and systems for providing cross language advertising services over the Internet. Essential to the operation of the claimed methods and systems is the use of a Web search engine. This includes, for example, receiving a query from a user through an input device in a source language, processing the query and extracting at least one content word from the query, performing dialectal standardization of the content word, translating the dialectally standardized content word into a target language through a translator, performing a contextual search in the target language based on the translated content word using a search engine in the target language, returning the search results in the target language in the form of site names (URLs) and documents, searching a database of advertising cues, and returning advertising cues relevant to the content word.

15.   The claimed inventions of the '101 and '154 Patents improve the usability of searching over the Internet, and address a problem specific to the Internet. The claimed inventions of the '101 and '154 Patents help make Internet searching more accessible for people who perform searches in other languages.

**EXEMPLARY ACCUSED PRODUCTS AND SERVICES**

16.   "AOL Search" is a search engine product and service offered by AOL Inc. that provides, among other functionalities, Web search results of Websites listed in order of relevance, image search results and corresponding URLs sorted by relevance, video search results and corresponding URLs, AOL Network search results of AOL-owned Websites listed in

4

order of relevance, shopping search results and corresponding URLs sorted by relevance, and MapQuest search results with corresponding URLs.  AOL Search searches Websites not only written in the source language (e.g., English) input in a query received by its users, but in second languages after extracting at least one content word, dialectally standardizing the at least one content word, and translating the at least one dialectally standardized content word.  Website matches based upon the translated at least one dialectally standardized content word are subsequently presented to the user.

17. AOL Search presents "sponsored links" or "ads" in connection with its AOL Search results.  AOL Search also presents "Web Offers and More" which displays offers related to search terms received by the user.

18. AOL Search has an "Advanced Search" feature.  Included in the Advanced Search feature is a control to specify the language of sites the user would like to see in his or her search results.  Another Advanced Search feature is a control to run a domain-specific search such as searching within domain names designated for countries with populations predominantly speaking and writing languages different from the source language utilized by a user in an AOL Search query.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,604,101

19. Paragraphs 1 through 18 are incorporated by reference as if fully restated herein.

20. Plaintiff Improved Search is the assignee and lawful owner of all right, title, and interest in and to the '101 Patent.

21. Defendant AOL performs methods and has systems that include the AOL Search functionality.

22. Defendant AOL's use of methods and controlling of systems involving AOL Search directly infringe one or more of the method and system claims of the '101 Patent, either directly or under the doctrine of equivalents.

23. By way of example, AOL Search receives queries in a first language (e.g., English) from its users through input devices, such as computer keyboards. AOL Search processes the query in the first language and extracts at least one content word from the query. AOL Search dialectally standardizes the at least one content word extracted from the original query and translates the dialectally standardized content word into a second, target language. AOL Search, as a search engine, searches the Web in the second language based on the at least one content word and obtains search results in the second language in the form of URLs and documents (for example, in Microsoft Word, Microsoft PowerPoint, or Adobe PDF formats) as "Web Results" which satisfy search criteria.

24. Defendant AOL has had actual pre-suit knowledge and notice of the '101 Patent since at least March 23, 2015 when it received a letter from Plaintiff informing AOL of Plaintiff's Asserted Patents and AOL's infringement of the '101 Patent. In that letter, Plaintiff informed AOL of facts indicating that AOL knowingly induces infringement of the '101 Patent by intentionally directing its customers to use computers or mobile devices for translating their search queries.

25. As to any potential claim steps of the '101 Patent that are performed outside of the United States, such as on foreign servers, AOL knowingly induces infringement by entities owning and controlling those servers or other equipment performing those claim steps of the '101 Patent. Plaintiff alleges that AOL, with knowledge of the Asserted Patents, has specifically and intentionally directed those entities to perform those steps, which AOL then uses in

practicing the methods of the '101 Patent. The benefit is ultimately derived in the United States by AOL and users of AOL Search.

26. As to any potential system components of the '101 Patent which are owned by AOL's customers, such as computer keyboards, personal computers, and display screens, AOL knowingly induces infringement by its customers owning and controlling those components. Upon information and belief, Plaintiff alleges that AOL, with knowledge of the Asserted Patents, has specifically and intentionally directed its customers to use those components in order to infringe the system claims of the '101 Patent.

27. Upon information and belief, Plaintiff alleges that Defendant AOL specifically intends to induce the infringement of the methods and systems of the '101 Patent by providing certain options to its customers in its Advanced Search feature. By way of example, AOL's Advanced Search feature allows for the selection of returning pages written in over forty languages, regardless of the search query entered. Also by way of example, AOL's Advanced Search feature allows for the selection of returning results from sites/domains with pre-selected extensions, including those from predominantly non-English speaking countries (e.g., .fr – French, .es, .mx – Spanish, .cn – China). By way of example, at least claims 1, 2, 4, 5, 22, 24, 25, and 26 of the '101 Patent are implicated with respect to this feature.

28. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## COUNT II

### INFRINGEMENT OF U.S. PATENT NO. 7,516,154

29. Paragraphs 1 through 28 are incorporated by reference as if fully restated herein.

30. Plaintiff Improved Search is the assignee and lawful owner of all right, title, and

interest in and to the '154 Patent.

31.     Defendant AOL performs methods and has systems that include the AOL Search functionality.

32.     Defendant AOL's use of methods and controlling of systems involving AOL Search directly infringe one or more of the method and system claims of the '154 Patent, either directly or under the doctrine of equivalents.

33.     By way of example, AOL Search receives queries in a first language (e.g., English) from its users through input devices, such as computer keyboards.  AOL Search processes the query in the first language and extracts at least one content word from the query. AOL Search dialectally standardizes the at least one content word extracted from the original query and translates the dialectally standardized content word into a second, target language. AOL Search, as a search engine, searches the Web in the second language based on the at least one content word and obtains search results in the second language in the form of URLs and documents (for example, in Microsoft Word, Microsoft PowerPoint, or Adobe PDF formats) which satisfy search criteria.  Relevant to the at least one content word, AOL Search searches a database of advertising cues and returns one or more of those cues to the AOL Search user as "Web Results", such as for example, through presenting a list of advertising-associated hyperlinks directly above or to the right of the regular "Web Results."

34.     Defendant AOL has had actual pre-suit knowledge and notice of the '154 Patent since at least approximately March 23, 2015 when it received a letter from Plaintiff informing AOL of Plaintiff's Asserted Patents and AOL's infringement of the '154 Patent.  In that letter, Plaintiff informed AOL that AOL knowingly induces infringement of the '154 Patent by intentionally directing its customers to use computers or mobile devices for translating their

search queries.

35.     As to any potential claim steps of the '154 Patent that are performed outside of the United States, such as on foreign servers, AOL knowingly induces infringement by entities owning and controlling those servers or other equipment performing those claim steps of the '154 Patent. Plaintiff alleges that AOL, with knowledge of the Asserted Patents, has specifically and intentionally directed those entities to perform those steps, which AOL then uses in practicing the methods of the '154 Patent. The benefit is ultimately derived in the United States by AOL and users of AOL Search.

36.     As to any potential system components of the '154 Patent which are owned by AOL's customers, such as computer keyboards, personal computers, and display screens, AOL knowingly induces infringement by its customers owning and controlling those components. Upon information and belief, Plaintiff alleges that AOL, with knowledge of the Asserted Patents, has specifically and intentionally directed its customers to use those components in order to infringe the system claims of the '154 Patent.

37.     Upon information and belief, Plaintiff alleges that Defendant AOL specifically intends to induce the infringement of the methods and systems of the '154 Patent by providing to its customers certain options in its Advanced Search feature. By way of example, AOL's Advanced Search feature allows for the selection of returning pages written in over forty languages, regardless of the search query entered. Also by way of example, AOL's Advanced Search feature allows for the selection of returning results from sites/domains with pre-selected extensions, including those from predominantly non-English speaking countries (e.g., .fr – French, .es, .mx – Spanish, .cn – China). By way of example, at least claim 1 of the '154 Patent is implicated with respect to this feature.

38. Plaintiff is entitled to recover damages adequate to compensate for the infringement.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant, granting Plaintiff the following relief:

That this Court adjudge and decree that Defendant has infringed the Asserted Patents;

That this Court order an accounting, including a post-verdict accounting, to determine the damages to be awarded to Plaintiff as a result of Defendant's infringement;

That this Court, pursuant to 35 U.S.C. § 284, enter an award to Plaintiff of such damages as it shall prove at trial against Defendant that is adequate to compensate Plaintiff for said infringement, said damages to be no less than a reasonable royalty together with interest and costs;

That this Court assess pre-judgment and post-judgment interest and costs against Defendant, together with an award of such interest and costs, in accordance with 35 U.S.C. § 284;

That this Court grants to Plaintiff such other, further, and different relief as may be just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: March 25, 2015

Of Counsel:

Robert J. Yorio
Carr & Ferrell LLP
120 Constitution Drive
Menlo Park, CA 94025
(650) 812-3400
yorio@carrferrell.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 N. Market St., 12th Floor
Wilmington, DE 19801
(302) 777-0300
(302) 777-0301
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

*Attorneys for Plaintiff Improved Search LLC*