IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| IMPROVED SEARCH LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. No. 15-262-SLR |
| | ) | |
| AOL INC., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM ORDER**

At Wilmington this 5th day of May, 2016, having reviewed defendant's motion to certify the court's decision on invalidity for interlocutory appeal and the papers filed in connection therewith;

IT IS ORDERED that said motion (D.I. 23) is denied, for the reasons that follow:

1. **Background.** On March 25, 2015, plaintiff Improved Search LLC ("plaintiff") filed a complaint alleging infringement of U.S. Patent No. 6,604,101 and 7,516,154 (collectively "the patents-in-suit") against defendant AOL Inc. ("defendant").[1] (D.I. 1) On March 22, 2016, the court denied defendant's motion to dismiss, finding that the patents-in-suit are directed to patent-eligible subject matter, pursuant to 35 U.S.C. § 101. (D.I. 21, 22)

2. **Standard.** Certification of an interlocutory appeal should be granted sparingly and only in exceptional circumstances. *Hulmes v. Honda Motor Co.*, 936 F. Supp. 195,

---

[1] The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

208 (D.N.J. 1996), aff'd 141 F.3d 1154 (3d Cir. 1998). Section 1292(b) of Title 28 of the United States Code directs that,

> [w]hen a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: **Provided, however,** That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

Accordingly, "[t]he order must (1) involve a 'controlling question of law,' (2) offer 'substantial ground for difference of opinion' as to its correctness, and (3) . . . 'materially advance the ultimate termination of the litigation.'" *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 754 (3d Cir. 1974). However, "these three criteria do not limit the Court's discretion to grant or deny an interlocutory appeal. Leave to file [such] appeal may be denied for reasons apart from this specified criteria, including such matters as the appellate docket or the desire to have a full record before considering the disputed legal issue." *In re SemCrude, L.P.*, 407 B.R. 553, 557 (D. Del. 2009) (citing *Katz*, 496 F.2d at 754). Ultimately, "entertaining an interlocutory appeal under § 1292(b) is appropriate only when the party seeking leave to appeal 'establishes [that] exceptional circumstances justify a departure from the basic policy of postponing review until after the entry of final judgment.' In part, this stems from the fact that '[p]iecemeal litigation is generally disfavored.'" *Chase Bank USA, N.A. v. Hess*, 2011 WL 4459604, at *1 (D. Del. Sept. 26, 2011) (citations omitted).

3. **Analysis.** A "controlling" issue of law is one whose "resolution . . . could have an immediate impact on the course of the litigation." *Fujitsu Ltd. v. Tellabs, Inc.*, 539 F. App'x 1005, 1007 (Fed. Cir. 2013); *see also Katz*, 496 F.2d at 47 (For the purpose of certifying an interlocutory appeal, a "controlling question of law" is "one which would result in a reversal of a judgment after final hearing."). A decision that a patent is invalid is a "controlling" question of law as "[i]t is axiomatic that one cannot infringe an invalid patent." *Commil USA, LLC v. Cisco Systems, Inc.*, 720 F.3d 1361, 1368 (Fed. Cir. 2013). These same reasons lead the court to conclude that such a decision would advance the ultimate termination of the litigation. However, the same may be said of many other grounds of invalidity that are questions of law[2] (and routinely asserted by defendants) such as anticipation, obviousness, indefiniteness, lack of written description, and lack of enablement.

4. Certification is not meant "to provide early review of difficult rulings in hard cases." *Jackson Hewitt, Inc. v. DJSG Utah Tax Serv., LLC*, Civ. No. 10-05108, 2011 WL 601585, at *2 (D.N.J. Feb. 17, 2011). That the court acknowledged the uncertainty in the developing law under § 101 cannot be the basis for certifying each district court decision on a § 101 motion to the Federal Circuit for review. Given the current popularity of such motions,[3] the certification of each denied motion would surely cause more harm than good and would certainly result in piecemeal litigation. Accordingly,

---

[2] Which may depend on underlying factual inquiries.
[3] See Bludau, Brandon S. et al., *Section 101 Metrics: Post-Alice District Court Rulings on Section 101 Motions* (September/October 2015), available at http://www.finnegan.com/resources/articles/articlesdetail.aspx?news=44911826-d236-453f-a813-0759f6f3887e.

4

exercising the discretion reserved to this court to certify such decision for appeal, the court declines to do so.

5. **Conclusion.** For the foregoing reasons, defendant's motion to certify the order on validity is denied.

                                                                                                                                                                       */s/*

                                                     United States District Judge